## Appeal of ARTER PAINT & GLASS CO.

Docket No. 1574.   Submitted March 24, 1925.   Decided November 9, 1925.

*L. L. Hamby, Esq.*, for the taxpayer.
*A. J. Seaton, Esq.*, for the Commissioner.

### Before Sternhagen, Trussell, and Phillips.

Taxpayer appeals from the determination of a deficiency of $1,542.43 in income and profits tax for 1919 and 1920. The appeal involves solely the question of whether certain sums claimed as a deduction for salary by the taxpayer and disallowed by the Commissioner are proper deductions.

#### FINDINGS OF FACT.

The taxpayer is a West Virginia corporation with its principal office at Charleston. During 1919 there were 184 shares of the capital stock of the corporation outstanding, of which more than a majority was owned by John Y. Arter, secretary and treasurer. Nineteen shares were owned by John C. Arter, his son, the president of the corporation, and the balance by three other members of the family of John Y. Arter. John Y. Arter and John C. Arter devoted all of their time to the affairs of the corporation. During

the years 1917 and 1918 John Y. Arter and John C. Arter were credited on the books of the corporation with salaries of $2,100 and $1,500, respectively. Upon its 1919 income-tax return the corporation deducted as salaries $4,800 for John Y. Arter and $3,000 for John C. Arter. The Commissioner disallowed so much of such deduction as is in excess of the salaries credited in 1918.

During the year 1919 the bookkeeper of the corporation credited the personal accounts of these officers with salaries in the same amount as in former years. This was done without the knowledge or authority of the officers, and subsequently an entry was made canceling such salary credit. In December, 1919, at informal conferences, stockholders agreed that the salaries paid in the past to these two officers were insufficient and should be increased for 1919, but no amount was agreed upon and no formal action taken by the stockholders until 1920, when salaries of $4,800 for John Y. Arter and $3,000 for John C. Arter for 1919, were authorized. It was customary for the officers to draw from the corporation only such sums as were needed by them, and any balance remaining to their credit was, from time to time, used by them in the purchase of additional shares of stock of the corporation.

In 1920 the corporation called in accountants to prepare its 1919 income-tax return and, finding the bookkeeping system of the corporation to be inadequate, these accountants installed a new set of books which began January 1, 1920, except that such books included some closing entries for the year 1919, including the salary items in dispute in this appeal.

The Commissioner conceded that the amounts paid to these two officers was reasonable compensation for the services rendered.

### DECISION.

The determination of the Commissioner for the year 1919 is approved. The deficiency for 1920 should be computed by allowing as a deduction the additional salaries for 1919 voted in 1920. Final determination will be settled on 15 days' notice, under Rule 50. See *Appeal of Van De Kamps Holland Dutch Bakers*, 2 B. T. A. 1247.